**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 18, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOHNNY O'MARA; JILL O'MARA,

          Plaintiffs-Appellants,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY; GEICO
GENERAL INSURANCE COMPANY,

          Defendants-Appellees.

No. 10-5158
(D.C. No. 4:09-CV-00229-GKF-FHM)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

---

This civil diversity case involves an insurance dispute related to a

motorcycle accident. Following a jury trial, the district court entered a final

judgment in favor of one of the appellants, and this appeal followed. The only

issue remaining in this appeal, however, is whether the district court erred in

imposing an attorneys' fees sanction against appellants' counsel under

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Fed. R. Civ. P. 30(g)(1) based on events that occurred during discovery.[1]

Although neither side has raised the issue of whether this court has jurisdiction to consider the sanction issue, we have an independent duty to examine that question and may raise the issue sua sponte. *See Phelps v. Hamilton*, 122 F.3d 1309, 1315-16 (10th Cir. 1997). We conclude that we lack jurisdiction to consider the sanction issue.

Appellants and their counsel filed a notice of appeal on November 23, 2010. *See R.*, Doc. 305. At that time, the magistrate judge had entered only a non-binding recommendation regarding the sanction issue pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). *Id.*, Doc. 302. As a result, the district court had not yet entered a final appealable order on the sanction issue within the meaning of 28 U.S.C. § 1291. Indeed, at that point, there was no *district court* decision or order at all. Hence, the provision in Fed. R. App. P. 4(a)(2) allowing a notice of appeal filed between the announcement of a district court decision or order and the subsequent entry of judgment to be "treated as filed on the date of and after the entry" is not applicable here. Instead, after the district court made a de novo determination of the sanction issue and entered its final orders on December 6 and 7, 2010, accepting the magistrate judge's

---

[1] Appellants initially raised two other issues in this appeal (No. 10-5158), and appellees raised three issues in a cross-appeal (No. 10-5160). Pursuant to stipulations of the parties, this court dismissed the cross-appeal and all issues except the sanction issue have been withdrawn from this appeal.

recommendation and imposing the attorneys' fees sanction against appellants' counsel, *see* R., Docs. 317, 321, appellants and/or their counsel were required to file a separate notice of appeal to challenge the sanction award, but they failed to do so.[2] *See EEOC v. Wal-Mart Stores, Inc.*, 187 F.3d 1241, 1250 (10th Cir. 1999) ("[A] supplemental notice of appeal is required for us to have jurisdiction over an attorneys' fee issue that becomes final subsequent to the initial notice of appeal."); *RMA Ventures Cal. v. SunAmerica Life. Ins. Co.*, 576 F.3d 1070, 1073 (10th Cir. 2009) ("[A] decision on the merits and a decision on attorneys' fees are considered separate, final decisions of the district court, subject to appeal under 28 U.S.C. § 1291.").

This appeal is **DISMISSED** for lack of jurisdiction.

Entered for the Court

David M. Ebel
Circuit Judge

---

[2] We do not need to decide whether the separate notice of appeal should have been filed on behalf of counsel or appellants, or both, to resolve the jurisdictional issue raised by this appeal.