**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**July 24, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

LISA KAY BRUMFIEL,

     Plaintiff - Appellant,

v.

U.S. BANK; LARRY CASTLE, in his
individual and corporate capacity;
CASTLE STAWIARSKI, LLC; MERS,
a division of MERSCorp. and DOES
1-110; CYNTHIA MARES, Public
Trustee, in her official capacity; ROBERT
J. HOPP, JR., in his corporate and
individual capacites,

     Defendants - Appellees.

No. 14-1421
(D.C. No. 1:12-CV-02716-WJM-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**<sup>*</sup>
_____

Before **MATHESON**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

---

     <sup>*</sup> After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Lisa Kay Brumfiel, proceeding pro se,[1] appeals the district court's dismissal of her complaint, which alleged that a Colorado foreclosure proceeding violated her rights under the Constitution and state law. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. **BACKGROUND**

Some years after borrowing money to buy a house, Ms. Brumfiel stopped making her payments. The loan was evidenced by a promissory note and secured by a deed of trust on the house. In the fall of 2011, U.S. Bank, as trustee of a mortgage loan trust that then held the note, initiated a non-judicial public trustee foreclosure under Colo. R. Civ. P. 120. Shortly thereafter, in December 2011, Ms. Brumfiel filed a Chapter 7 bankruptcy petition. The bankruptcy court entered a discharge order in April 2012 and closed Ms. Brumfiel's bankruptcy case in May 2012. The Rule 120 proceeding remained pending during this time.

In October 2012, Ms. Brumfiel filed this federal action against U.S. Bank and the law firm and lawyer who were representing it in the Rule 120 proceeding. Seeking both money damages and injunctive relief, she alleged that the Rule 120 proceeding violated her right to due process because the rule limits the state court to determining two matters: (1) whether a default occurred, and (2) whether an order

---

[1] Because Ms. Brumfiel is proceeding pro se, we construe her filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

authorizing sale is proper under the Service Members Civil Relief Act. *See* Colo. R. Civ. P. 120(d). Further, Rule 120 does not allow for an appeal. *See id.*

Ms. Brumfiel also targeted a Colorado statute that allows the holder of a debt to seek foreclosure without producing the original evidence of debt or original deed of trust. Instead, a holder may produce a copy along with a statement signed by itself or its attorneys that the copy of the original evidence is true and correct. *See* Colo. Rev. Stat. § 38-38-101(1)(b)(II), (1)(c)(II). She asserted that the defendants had conspired to have the statute amended to permit the taking of property without due process.

Ms. Brumfiel further alleged the defendants had committed state-law torts against her. She later amended her complaint to add other participants in the Rule 120 proceeding, including the public trustee, and additional claims. The defendants moved to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

In December 2012, the state court authorized the sale of Ms. Brumfiel's property under Rule 120. The sale was set to occur in May 2013. Just before the sale date, the district court enjoined the sale for fourteen days and set a preliminary injunction hearing. U.S. Bank immediately moved to dismiss the Rule 120 proceeding. It then moved the district court to vacate the preliminary injunction hearing as moot because there was no Rule 120 foreclosure for the court to enjoin. Further, it consented to a permanent injunction barring it from using the Rule 120 process against Ms. Brumfiel, because instead of bringing another Rule 120 proceeding, it intended to commence a judicial foreclosure under Colo. R. Civ. P.

105.  Construing this consent as a confession to Ms. Brumfiel's motion for a preliminary injunction, the district court enjoined any Rule 120 proceeding against Ms. Brumfiel's property for the duration of the federal action.  U.S. Bank promptly filed a Rule 105 judicial foreclosure action in state court.[2]

The district court ultimately dismissed Ms. Brumfiel's complaint without prejudice under Fed. R. Civ. P. 12(b)(1).  It held Ms. Brumfiel lacked standing to pursue her claims for monetary relief because she had no redressable injury:  the bankruptcy estate owned the claims, which only the bankruptcy trustee could assert.  It further held the claims for injunctive relief were moot because U.S. Bank's withdrawal meant there was no longer any Rule 120 proceeding to enjoin.  Ms. Brumfiel now appeals.

## II.  DISCUSSION

Applying de novo review, *see Niemi v. Lasshofer*, 770 F.3d 1331, 1344 (10th Cir. 2014), we agree with the district court that Ms. Brumfiel's claims for injunctive relief became moot during the suit.  And we agree that her claims for

---

[2] In February 2014, the state court granted U.S. Bank's motion for summary judgment seeking judicial foreclosure, concluding that Ms. Brumfiel was in default and the trust was the holder of the original promissory note and deed of trust.  The Colorado Court of Appeals recently affirmed that judgment. *See U.S. Bank, N.A. v. Brumfiel*, No. 14CA0464, slip op. at 1, 29 (Colo. App. May 21, 2015) (unpublished).

money damages should be dismissed.  As to those claims, we affirm because she was not the real party in interest.[3]

## A. *Claims for Injunctive Relief*

"Article III of the Constitution grants the Judicial Branch authority to adjudicate 'Cases' and 'Controversies.'  . . .  A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013) (internal quotation marks omitted).

Ms. Brumfiel's complaint concerned the Rule 120 proceeding.  U.S. Bank voluntarily dismissed that proceeding and instead pursued foreclosure under Rule 105.  After U.S. Bank dismissed the Rule 120 proceeding, Ms. Brumfiel's claims for injunctive relief regarding that proceeding became moot.  And U.S. Bank was not likely to file another Rule 120 proceeding against Ms. Brumfiel because it instead was proceeding under Rule 105.

Ms. Brumfiel argues her objections to Colo. Rev. Stat. § 38-38-101 apply equally to the Rule 105 proceeding and therefore the district court should have extended its injunction against the Rule 120 proceeding to the Rule 105 proceeding. The district court, however, appropriately limited its order to the subject of the complaint.

---

[3] We may affirm on any grounds supported by the record. *Awad v. Ziriax*, 670 F.3d 1111, 1128 n.14 (10th Cir. 2012).

B. *Claims for Money Damages*

"The Supreme Court's standing jurisprudence contains two strands: Article III standing, which enforces the Constitution's case-or-controversy requirement, and prudential standing which embodies judicially self-imposed limits on the exercise of federal jurisdiction." *Wilderness Soc'y v. Kane Cty.*, 632 F.3d 1162, 1168 (10th Cir. 2011) (en banc) (alteration and internal quotation marks omitted). "The prudential standing doctrine encompasses various limitations, including the general prohibition on a litigant's raising another person's legal rights." *Id.* (internal quotation marks omitted). Fed. R. Civ. P. 17(a)(1), which provides that "[a]n action must be prosecuted in the name of the real party in interest," essentially codifies this portion of the prudential standing doctrine. *See RMA Ventures Cal. v. SunAmerica Life Ins. Co.*, 576 F.3d 1070, 1073 (10th Cir. 2009) (citing *Rawoof v. Texor Petrol. Co.*, 521 F.3d 750, 757 (7th Cir. 2008)).

The district court's decision focused on Article III standing. We rely instead on the prudential standing and real party in interest doctrines, which preclude Ms. Brumfiel from proceeding with her claims for money damages. "[T]he prudential standing doctrine[] represents the sort of 'threshold question' we have recognized may be resolved before addressing jurisdiction." *Tenet v. Doe*, 544 U.S. 1, 6 n.4 (2005); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999) ("It is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits."); *Wilderness Soc'y*, 632 F.3d at 1168 (proceeding directly to prudential standing without considering constitutional

- 6 -

standing).  Once Ms. Brumfiel filed her bankruptcy petition, she was not the real party in interest, as required by Rule 17(a)(1).[4]

Under 11 U.S.C. § 541(a)(1), the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." When a Chapter 7 bankruptcy petition is filed, "[t]he trustee of the bankruptcy estate has the sole capacity to sue and be sued over assets of the estate." *Mauerhan v. Wagner Corp.*, 649 F.3d 1180, 1184 n.3 (10th Cir. 2011) (citing 11 U.S.C. § 323(b)).

Upon filing for bankruptcy, Ms. Brumfiel was required to list all the assets of her estate.  11 U.S.C. § 521(a)(1).  Those assets included "all legal claims and causes of action, pending or potential, which a debtor might have." *Eastman v. Union Pac. R. Co.*, 493 F.3d 1151, 1159 (10th Cir. 2007); *see also Mauerhan*, 649 F.3d at 1184 n.3 ("When an individual files for bankruptcy, all interests of the debtor become property of the bankruptcy estate, including causes of action."); *Sender v. Buchanan (In re Hedged-Invs. Assocs., Inc.)*, 84 F.3d 1281, 1285 (10th Cir. 1996) ("Causes of action belonging to the debtor fall within [§ 541(a)(1)].").

---

[4] Fed. R. Civ. P. 17(a)(3) provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted in the action."  This provision does not require a remand for the district court to allow the trustee to ratify or join this action.  We take judicial notice that the bankruptcy court approved a settlement agreement between the Chapter 7 trustee and U.S. Bank as trustee of the mortgage loan trust, whereby the trust agreed to purchase the causes of action from the bankruptcy estate.  *See In re Brumfiel*, No. 11-39881 HRT, Doc. Nos. 115, 116 (Bankr. D. Colo. Mar. 20, 2015).  The trustee has no interest in litigating these claims on behalf of the estate.  And whether the bankruptcy trustee or the trust now owns the claims, Ms. Brumfiel is not the real party in interest.

Ms. Brumfiel argues that her claims did not accrue pre-petition because she did not suffer an injury in fact until December 2012, when the state court initially authorized the sale of her property in the Rule 120 proceeding. We disagree. For one thing, she saw no impediment to filing her complaint in this action in October 2012, two months before the state court's order. As the district court noted, the amendments to § 38-38-101 were effective long before the bankruptcy proceeding, and the Rule 120 proceeding was commenced before the bankruptcy proceeding. Before she filed her bankruptcy petition, Ms. Brumfiel already had asserted the same or similar theories, raised in opposition to the Rule 120 foreclosure, that she included in her federal complaint. Accordingly, she was required to disclose the claims in her bankruptcy proceeding. *See Eastman*, 493 F.3d at 1159; *see also U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 361-62 (5th Cir. 2014) (holding that debtors must disclose "all pending and potential claims" "as long as the debtor has enough information to suggest that he may have a potential claim" (internal quotation marks omitted)). The district court properly considered the claims to be part of the bankruptcy estate.[5]

Because Ms. Brumfiel did not list the claims in her asset schedules, the trustee neither administered them nor abandoned them at the close of the bankruptcy case, and they remained the property of the bankruptcy estate. 11 U.S.C. § 554(d).

---

[5] The Colorado Court of Appeals reached the same conclusion in Ms. Brumfiel's appeal of the judgment against her in the Rule 105 judicial foreclosure action. *See U.S. Bank, N.A.*, No. 14CA0464, slip op. at 5-10.

Accordingly, Ms. Brumfiel lost the authority to pursue the claims. *See Spicer*, 751 F.3d at 362-64 & n.13; *Tyler v. DH Capital Mgmt., Inc.*, 736 F.3d 455, 465 (6th Cir. 2013); *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004); *Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004); *Vreugdenhill v. Navistar Int'l Transp. Corp.*, 950 F.2d 524, 526 (8th Cir. 1991). That being so, dismissal was appropriate.

## III.  CONCLUSION

The judgment of the district court is affirmed. Ms. Brumfiel's motion to proceed without prepayment of fees and costs is granted. Cynthia Mares's motion to dismiss her as a party to this appeal is denied. U.S. Bank's motion to take judicial notice of orders in Ms. Brumfiel's reopened bankruptcy case is granted. U.S. Bank's requests to take judicial notice of state court orders, made in its response brief, are granted. The Castle defendants' request for sanctions under Fed. R. App. P. 38, made in their response brief, is denied—it was not made in a separate motion, as required by the rule.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge

- 9 -