**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INVESCO HIGH YIELD FUND; et al., | No.    19-15931 |
| Plaintiffs-Appellees, | D.C. No.<br>2:05-cv-01364-RFB-PAL |
| v. | |
| HANS JECKLIN; et al., | MEMORANDUM[*] |
| Defendants-Appellants, | |
| and | |
| GEORGE HAEBERLING; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Argued and Submitted June 11, 2021
Seattle, Washington

Before: GOULD, CLIFTON, and MILLER, Circuit Judges.

Hans Jecklin, Swiss Leisure Group AG (SLG), and JPC Holding AG (JPC)

(collectively, Defendants) appeal from the district court's judgment in favor of

---

      *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Invesco High Yield Fund, Invesco V.I. High Yield Fund, and Morgan Stanley Variable Insurance Fund, Inc. Core Plus Fixed Income Portfolio (collectively, Morgan Stanley) on Morgan Stanley's alter ego and fraudulent transfer claims. Because the parties are familiar with the facts and procedural history, we recite only those facts necessary to decide this appeal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

We review the district court's exercise of personal jurisdiction *de novo*. *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018). "In reviewing a judgment following a bench trial, [we] review[] the district court's findings of fact for clear error and its legal conclusions de novo." *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012) (citation omitted). We review the district court's decision to permit substitution of parties under Federal Rule of Civil Procedure 25(c) for abuse of discretion. *LN Mgmt., LLC v. JP Morgan Chase Bank, N.A.*, 957 F.3d 943, 949 (9th Cir. 2020). And we review the district court's interpretation of settlement agreements *de novo*. *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). Finally, though we review an award of attorney's fees under state law for abuse of discretion, we review *de novo* "whether the district court properly interpreted and applied the relevant state statute." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).

First, the district court correctly exercised specific personal jurisdiction over

Defendants. Defendants falsified board minutes and failed to observe corporate formalities in Nevada. They also used SCGC's funds to buy a personal home for Jecklin in Las Vegas. These contacts with Nevada "relate[] to" Morgan Stanley's alter ego claims. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). Exercising jurisdiction over Defendants also "comport[s] with fair play and substantial justice." *Id*.

The district court also correctly found Defendants liable on Morgan Stanley's alter ego claims.[1] The parties dispute whether Nevada or Delaware's alter ego law applies, but we need not decide this choice-of-law question because the result is the same under either state's law: Defendants are the alter egos of SCGC.

To pierce the corporate veil, Nevada requires that (1) the subsidiary is "influenced and governed by the person asserted to be its alter ego"; (2) there is "such unity of interest and ownership that one is inseparable from the other"; and (3) "[t]he facts must be such that adherence to the fiction of separate entity would, under the circumstances, sanction a fraud or promote injustice." *Ecklund v. Nev. Wholesale Lumber Co.*, 562 P.2d 479, 479–80 (Nev. 1977); Nev. Rev. Stat.

---

[1] Because we affirm the district court's declaratory judgment that Defendants "can be held financially liable to Plaintiffs for debts incurred by SCGC," which includes the full amount of the judgment Morgan Stanley obtained from the Southern District of New York, we need not and do not reach Morgan Stanley's fraudulent transfer claims.

3

§ 78.747(2). In Delaware, by comparison, the parent corporation must exercise "complete domination and control" over the subsidiary. *Wallace ex rel. Cencom Cable Income Partners II, L.P. v. Wood*, 752 A.2d 1175, 1183 (Del. Ch. 1999). The subsidiary must be "a sham entity designed to defraud investors and creditors." *Crosse v. BCBSD, Inc.*, 836 A.2d 492, 497 (Del. 2003) (citing *Wallace*, 752 A.2d at 1183–85).

Based on the district court's factual findings, we conclude that Defendants are liable as SCGC's alter egos under either state's law governing alter ego liability. The district court found, for example, that Jecklin exercised significant control and decision-making power on SCGC's behalf through the relevant period. It observed that "[t]he various entities owned in whole or in majority part by Hans Jecklin operated as if they were a single entity—an entity controlled by Jecklin." And the district court found that Defendants left SCGC undercapitalized so that it was "incapable of paying its debts."

The district court did not abuse its discretion in substituting the Morgan Stanley plaintiffs under Federal Rule of Civil Procedure 25(c).[2] Morgan Stanley

---

[2] We reject Defendants' contention that the substitution was improper under Nevada's general prohibition on assignment of "claims that are personal in nature, such as fraud." *See Reynolds v. Tufenkjian*, 461 P.3d 147, 154 (Nev. 2020) (explaining that "tort claim[s] alleg[ing] purely pecuniary loss" and "contract-based claims" are generally assignable).

submitted declarations showing (1) that Morgan Stanley High Yield Securities Inc., Morgan Stanley Dean Witter High Income Advantage Trust, Morgan Stanley Dean Witter High Income Advantage Trust II, and Morgan Stanley Dean Witter High Income Advantage Trust III transferred their interests to Invesco High Yield Fund; (2) that Morgan Stanley Variable Investment Series transferred its interest to Invesco V.I. High Yield Fund; and (3) that Morgan Stanley Select Dimensions Investment Series transferred its interest to Morgan Stanley Variable Insurance Fund, Inc. Core Plus Fixed Income Portfolio.[3]

Nor did the district court err in finding that the 2004 settlement agreement did not release Morgan Stanley's claims against Jecklin. Even if non-parties Morgan Stanley Senior Funding, Inc. and Morgan Stanley Investment Advisors, Inc. (MSIA) were "affiliates" under the settlement agreement by virtue of their common ownership, Defendants' contention that MSIA was an "affiliate" of Morgan Stanley under a "control" theory still falls short. In its capacity as an investment advisor, MSIA merely "look[ed] for investments," "monitor[ed] and manage[d] th[e] portfolio," and "invest[ed] the money on behalf of the individual

---

[3] The Clerk is directed to update the docket to reflect (1) the substitution of these parties and (2) Morgan Stanley Fixed Income Opportunities Fund's change of name to Morgan Stanley Global Fixed Income Opportunities Fund. Accordingly, the Plaintiff-Appellees should be listed as follows: Invesco High Yield Fund, Invesco V.I. High Yield Fund, Morgan Stanley Global Fixed Income Opportunities Fund, and Morgan Stanley Variable Insurance Fund, Inc. Core Plus Fixed Income Portfolio.

or collective investors of each [Morgan Stanley] fund." The district court correctly observed that Defendants' theory conflates "control" with serving as an investment advisor. We likewise reject Defendants' interpretation of "affiliate" as unreasonably broad.

The district court did not abuse its discretion when it amended the judgment to include post-judgment interest. Indeed, such awards are *mandatory* under 28 U.S.C. § 1961(a). *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995); *Barnard v. Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013) (district court abused its discretion in *declining* to award post-judgment interest).

But the district court erred in awarding Morgan Stanley attorney's fees on its claims under Nevada's Uniform Fraudulent Transfer Act (UFTA). No UFTA provision permits attorney's fees, so Morgan Stanley cannot recover them. *See Bobby Berosini, Ltd. v. People for the Ethical Treatment of Animals*, 971 P.2d 383, 388 (Nev. 1998) (per curiam).

**AFFIRMED IN PART AND REVERSED IN PART[4]**

---

[4] We award taxable costs on appeal in Morgan Stanley's favor.