PEDRO T. GALLEGOS, INDIVIDUALLY AND AS ASSIGNEE OF DAVID GONZALEZ; AND DAVID GONZALEZ, INDIVIDUALLY AND AS ASSIGNOR, APPELLANTS, *v.* MALCO ENTERPRISES OF NEVADA, INC., DBA BUDGET RENT A CAR LAS VEGAS; KNIGHT MANAGEMENT INSURANCE SERVICES, LLC; AND FIRST AMERICAN PROPERTY AND CASUALTY INSURANCE COMPANY, RESPONDENTS.

No. 55633

August 4, 2011                                     255 P.3d 1287

[Rehearing denied October 27, 2011]
[En banc reconsideration denied March 20, 2012]

*Lewis & Roca LLP* and *Daniel F. Polsenberg* and *Joël D. Henriod*, Las Vegas; *Porter & Terry, LLC*, and *Richard T. Terry*, Las Vegas, for Appellants.

*Snell & Wilmer, LLP*, and *Justin L. Carley*, Las Vegas, for Respondents.

Before SAITTA, HARDESTY and PARRAGUIRRE, JJ.

## OPINION

By the Court, PARRAGUIRRE, J.:

In this opinion, we clarify that rights of action held by a judgment debtor are subject to execution toward satisfaction of a judgment under NRS 21.080 and may be judicially assigned pursuant to NRS 21.320. Because, in this case, appellant Pedro Gallegos properly asserted a right of action assigned to him by another district court, we conclude that the district court in the instant action erred in determining that he lacked standing to bring the claim and in granting summary judgment to respondents on that basis. Accordingly, we reverse the district court's summary judgment and remand this matter for further proceedings.

### FACTS AND PROCEDURAL HISTORY

Gallegos was injured by appellant David Gonzalez in a hit-and-run car accident. At the time of the accident, Gonzalez was driving a car rented from respondent Malco Enterprises of Nevada, Inc., d.b.a. Budget Rent A Car of Las Vegas. When renting the car, Gonzalez purportedly purchased a supplemental renter's liability insurance (RLI) policy from Budget. This policy was issued

by respondent First American Property and Casualty Insurance Company, and was managed by respondent Knight Management Insurance Services, LLC.

Gallegos sued Gonzalez for injuries resulting from the accident and ultimately obtained a default judgment against him for over $400,000. Gonzalez failed to appear at scheduled judgment debtor exams, however, and Gallegos was unable to collect on the judgment. Accordingly, Gallegos sought a judicial assignment of Gonzalez's unasserted claims against respondents, which was granted. Specifically, the earlier district court assigned Gonzalez's unasserted claims for ''Breach of Contract, Breach of Fiduciary Duties, [and] Breach of Duty of Good Faith and Fair Dealing.'' The assigned claims related to Gonzalez's insurance policy with respondents.

Gallegos then brought the assigned claims against respondents in a separate district court action.[1] Respondents moved for summary judgment on the basis that the previous district court could not assign the right of action in a proceeding supplementary to the execution of the judgment and, thus, Gallegos lacked standing to bring Gonzalez's claims against respondents, among other things. The district court in the underlying action concluded that the previous district court's assignment order was invalid and thus granted respondents' motion for summary judgment, vacating the earlier assignment order. This appeal followed.

## DISCUSSION

On appeal, appellants argue that the district court erred in granting summary judgment because Gonzalez's right of action was judicially assigned to Gallegos in the proceedings supplementary to the execution of his judgment against Gonzalez.[2] We review this issue de novo. *See State, Div. of Insurance v. State Farm*, 116 Nev. 290, 293, 995 P.2d 482, 484 (2000) (reviewing questions of law de novo); *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing a district court's grant of summary judgment de novo).

To resolve this appeal, we must determine whether a right of action held by a judgment debtor is property that can be judicially assigned in a proceeding supplementary to the execution of a judg-

---

[1]Gonzalez was also named as a plaintiff, although the reason for this is unclear from the record.

[2]Because we conclude that the district court erred in granting summary judgment based upon its determination that Gonzalez's right of action was invalidly assigned, we do not address appellants' argument that the district court lacked jurisdiction to vacate the assignment order.

ment. Nevada's statutory scheme regarding enforcement of judgments is laid out in NRS Chapter 21.[3] NRS 21.320 provides that a district court "may order any property of the judgment debtor not exempt from execution . . . to be applied toward the satisfaction of the judgment." Accordingly, so long as a right of action is "property . . . not exempt from execution," it may be judicially assigned in satisfaction of a judgment. NRS 21.320.

To help us determine whether a right of action is "property . . . not exempt from execution," we turn to NRS 21.080(1). That statute provides that: "[a]ll goods, chattels, money and other property, real and personal, of the judgment debtor, or any interest therein of the judgment debtor not exempt by law, and all property and rights of property seized and held under attachment in the action, are liable to execution." NRS 21.080(1). NRS 10.045 further defines "[p]ersonal property" as including "money, goods, chattels, *things in action* and evidences of debt." (Emphasis added.) *See also* NRS 10.010 (providing that the definition used in NRS 10.045 applies to the entire statutory title, including NRS 21.080). A "thing in action," alternatively referred to as a "chose in action," is defined as a "right to bring an action to recover a debt, money, or thing." *Black's Law Dictionary* 1617, 275 (9th ed. 2009).

Based on the above statutory authority, we conclude that rights of action held by a judgment debtor are personal property subject to execution in satisfaction of a judgment.

This conclusion finds support in caselaw. First, interpreting a right of action as personal property subject to execution accords with this state's general policy that statutes specifying the kinds of property that are subject to execution "must be liberally construed" for the judgment creditor's benefit. *Sportsco Enter. v. Morris*, 112 Nev. 625, 630, 917 P.2d 934, 937 (1996). Second, our decision finds considerable support in the California Court of Appeal's holding in *Denham v. Farmers Insurance Co.*, 262 Cal. Rptr. 146 (Ct. App. 1989). In *Denham*, the court analyzed whether Nevada law permitted "a judgment creditor [to] execute upon a judgment debtor's cause of action against its insurer," and concluded that "Nevada law permits execution upon a cause of action." 262 Cal. Rptr. at 149, 152. We approve of the *Denham* court's reasoning and conclusion. Finally, several federal cases ap-

---

[3]As a preliminary matter, the district court erroneously focused its analysis on NRS 21.330. NRS 21.330 allows for execution against property held by a third party that allegedly belongs to a judgment debtor and does not apply when a creditor seeks to execute against property held by the judgment debtor.

In this case, the property at issue is Gonzalez's right of action against respondents. While a cause of action will inevitably be asserted against some third party, the right of action itself is the property of the judgment debtor. Thus, the relevant inquiry is whether a judgment creditor may execute upon rights of action held by a judgment debtor pursuant to NRS 21.080.

plying Nevada law provide additional support for our holding. *See Kelly v. CSE Safeguard Ins. Co.*, No. 208-CV-00088-KJD-RJJ, 2010 WL 3843777, at *2 (D. Nev. Sept. 28, 2010) (recognizing that "Nevada permits a judgment creditor to execute upon a judgment debtor's cause of action" and permitting the judgment creditor assignee to pursue a bad-faith claim against the judgment debtor's insurer (citing *Denham*, 262 Cal. Rptr. at 151-52)); *c.f. Wilson v. Bristol West Ins. Group*, No. 2:09-CV-00006-KJD-GWF, 2009 WL 3105602, at *2 (D. Nev. Sept. 21, 2009) ("Nevada does not recognize a right of action by a third-party claimant against an insurance company for bad faith without a proper assignment of rights.").

In light of our conclusion that a district court may assign a judgment debtor's right of action to a judgment creditor in execution of a judgment, we reverse the district court's summary judgment and remand this matter for further proceedings.[4]

SAITTA and HARDESTY, JJ., concur.

_____

[4]We note that although Gallegos signed a written release of any personal claims against respondents, that release did not encompass the first-party claims that were later assigned to him in execution of his judgment against Gonzalez. Similarly, the district court's order in a third related action dismissed only Gallegos' third-party claims against respondents and did not resolve Gonzalez's first-party claims. Because it is the assigned first-party claims that form the basis for the instant appeal, we conclude that neither the release nor the district court order in the third action support the district court's grant of summary judgment.