TODD BUTWINICK, AN INDIVIDUAL; AND NEVADA FURNITURE INCORPORATED, A NEVADA CORPORATION, APPELLANTS, *v.* CHARLES HEPNER, AN INDIVIDUAL; TRACY HEPNER, AN INDIVIDUAL; AND NEVADA FURNITURE IDEA, INC., A NEVADA CORPORATION, RESPONDENTS.

No. 56303

December 27, 2012            291 P.3d 119

---

*Nevada Furniture Incorporated*, Las Vegas, in Proper Person.

*Todd Butwinick*, Las Vegas, in Proper Person.

*Marquis Aurbach Coffing* and *Frank M. Flansburg III* and *Jason M. Gerber*, Las Vegas, for Respondents.

Before CHERRY, C.J., DOUGLAS, SAITTA, GIBBONS, PICKERING, HARDESTY and PARRAGUIRRE, JJ.

## OPINION

*Per Curiam:*

This case comes before the court on respondents' motion to substitute themselves as real parties in interest and to dismiss the appeal. Respondents acquired appellants' rights and interests in the underlying district court action at a judgment execution sale. Appellants oppose the motion. In moving to substitute in as real parties in interest and dismiss the appeal, respondents seek to foreclose appellants' defenses to respondents' own claims, which were successfully litigated in the district court, and the decision on those claims timely appealed. Although Nevada's judgment execution statutes permit a judgment creditor to execute on a debtor's personal property, including the right to bring an action to recover a debt, money, or thing, those statutes do not include the right to execute on a party's defenses to an action, and permitting a judgment creditor to execute on a judgment in such a way would cut off a debtor's defenses in a manner inconsistent with due process principles. Thus, we deny respondents' motion.

## FACTS AND PROCEDURAL HISTORY

### Underlying breach of contract action

Respondents Charles Hepner, Tracy Hepner, and Nevada Furniture Idea, Inc., brought the underlying action against appellants Todd Butwinick and Nevada Furniture, alleging breach of contract and fraud- and tort-based claims related to an asset purchase and sale agreement, under which respondents purchased two furniture stores from appellants. Appellants answered and filed a counterclaim, arguing that respondents failed to make payments on the promissory note used for the owner-financed purchase of the stores, and seeking to foreclose on the promissory note, which was secured by respondents' real property located in Tennessee.[1] Appellants also alleged defamation, unjust enrichment, and bad faith, and they sought damages as well as injunctive and declaratory relief. Following a bench trial, the district court entered judgment for respondents. It held that appellants misrepresented information about the furniture stores, materially breached the asset purchase sale agreement, and fraudulently induced respondents into executing the agreement. In its judgment, the district court allowed respondents to rescind the agreement, awarded them $735,835.84 in damages, and denied any relief to appellants on their counterclaims. This appeal followed.

### Writ of execution and motions seeking to stay execution

Although they appealed the judgment, appellants did not obtain a stay of execution. Thus, despite the pending appeal, respondents obtained a writ of execution on the judgment, allowing them to execute against appellant Todd Butwinick's personal property. The writ directed the Clark County Sheriff to "levy and seize upon any and all causes of action, claims, allegations, assertions and/or defenses of Todd Butwinick," including the underlying district court action. Appellants unsuccessfully attempted to restrain the sale and quash the writ of execution.

### Motion to substitute as real parties in interest and dismiss appeal

At the sheriff's sale, respondents purchased, for $5,000, appellants' rights and interests in the district court action. Respondents now move to substitute as real parties in interest under NRAP 43 and to dismiss the appeal under NRAP 42(b), on the basis that they acquired appellants' claims and defenses at the sheriff's sale. Respondents assert that appellants received adequate notice of the sale and could have either obtained a stay of execution against their

---

[1]Butwinick has filed and recorded a notice of lis pendens against the property.

assets by posting a supersedeas bond or bid at the sheriff's sale.[2] Respondents argue that NRS 10.045 (defining personal property) and NRS 21.080(1) (describing property liable to execution) allow them to execute against appellants' counterclaims and defenses as personal property and no exemption from execution applies.

In opposition, appellants argue that unless the motion is denied, their right to appeal will be eliminated and the judgment will remain permanently unreviewed. They continue that granting the motion would damage the integrity of the appellate process because any party who ends up as a judgment debtor would lose his or her right to appeal unless he or she has the resources to post a bond. Finally, they note that respondents have provided no authority to establish that appellants' defenses to any underlying lawsuit are personal property subject to execution during the pendency of an appeal.

## DISCUSSION

Under NRS 10.045, " '[p]ersonal property' includes . . . things in action," and NRS 21.010 provides that "the party in whose favor judgment is given may, at any time before the judgment expires, obtain the issuance of a writ of execution for its enforcement." In *Gallegos v. Malco Enterprises of Nevada*, 127 Nev. 579, 255 P.3d 1287 (2011), this court determined that "rights of action held by a judgment debtor are personal property subject to execution in satisfaction of a judgment." *Id.* at 582, 255 P.3d at 1289. That decision explained that statutes specifying the kinds of property subject to execution must be construed liberally for the judgment creditor's benefit. *Id.*

Respondents base their motion to substitute and dismiss on their purchase of appellants' claims and defenses at the sheriff's sale. As appellants note, respondents have cited no authority to support the proposition that appellants' *defenses* to respondents' underlying lawsuit constitute a "thing in action" subject to execution under NRS 21.080 and NRS 10.045. Appellants did not bring the action on which respondents recovered judgment; appellants were the defendants, who lost. Thus, they did not bring an action to recover a debt, money, or things, but were defending against appellants' claims that the furniture stores were sold as a result of misrepresentations and fraud. Thus, this case differs from those relied on by respondents, where the acquired cause of action was that of the underlying plaintiff, who lost in the trial court. *See RMA Ventures California v. SunAmerica Life Ins.*, 576 F.3d 1070 (10th Cir. 2009) (interpreting Utah law, to permit a defendant to execute

[2]According to appellants, Butwinick's financial situation made bidding at the sheriff's sale or posting a bond impossible.

against the plaintiff's claims for breach of contract and fraud, which were disposed of on summary judgment in the district court and pending appeal, in satisfaction of an attorney fees award that was not appealed); *Applied Medical Technologies, Inc. v. Eames*, 44 P.3d 699 (Utah 2002) (granting a defendant judgment creditor's motion to dismiss an appeal, after the defendant purchased at a constable's sale claims asserted against him by the plaintiff judgment debtor). Respondents have offered no authority, nor have we found any, to support the proposition that a litigant's defenses are assignable. *Cf. Achrem v. Expressway Plaza Ltd.*, 112 Nev. 737, 917 P.2d 447 (1996) (explaining that the rights to a tort action are not assignable); *Maxwell v. Allstate Ins. Co.*, 102 Nev. 502, 728 P.2d 812 (1986) (same); *Prosky v. Clark*, 32 Nev. 441, 109 P. 793 (1910) (explaining that rights of action based on fraud are not assignable, but are personal to the one defrauded).

In this case, respondents executed not only on appellants' "claims," but also on their "defenses" in the underlying district court action. On appeal, as argued in appellants' opening brief,[3] appellants are not challenging the district court's judgment to the extent that it denied or dismissed their counterclaim. Instead, the appeal focuses on respondents' claims (and thus appellants' defenses) and alleged errors in the district court's judgment granting rescission and awarding damages and attorney fees to respondents.[4] In moving to substitute in as real parties in interest and dismiss the appeal, respondents seek to preclude appellants' defenses to respondents' own claims, but "thing in action" does not include defenses, *see Gallegos*, 127 Nev. at 582, 255 P.3d at 1289 (defining "thing in action" as a " 'right to bring an action to recover a debt, money, or thing' " (quoting *Black's Law Dictionary* 275 (9th ed. 2009))). Since appellants have waived any challenge to the denial or dismissal of their counterclaims, either because they stipulated to the dismissal in the district court or because they did not raise any arguments related to those counterclaims in their opening brief on appeal, respondents' motion to substitute and to dismiss is not proper under NRS 21.080, as granting the motion would serve only to foreclose appellants' defenses to respondents' underlying claims and their challenge to the resultant district court judgment.

---

[3]Appellants' counsel was permitted to withdraw after the opening brief and opposition to the motion to dismiss were filed. Appellant Todd Butwinick has since notified this court that he will be proceeding in proper person, which notice we direct the clerk to file.

[4]The last issue raised in the opening brief does not directly challenge the district court's dismissal of appellants' foreclosure counterclaim based on jurisdiction grounds. Instead, appellants argue that the district court made inconsistent findings that could have a preclusive effect if appellants ever pursue foreclosure on the Tennessee property in Tennessee courts.

*See In re Morales*, 403 B.R. 629, 632-33 (Bankr. N.D. Iowa 2009) (determining in a bankruptcy action that, under Iowa law, a debtor's defensive appellate rights arising from a judgment against the debtor did not constitute a chose in action that could be purchased by the creditor, so that the creditor could dismiss the appeal, and disagreeing with *In re Mozer*, 302 B.R. 892 (Bankr. C.D. Cal. 2003), in which the bankruptcy court concluded that the debtors' rights to defend against a judgment on the buyers' counterclaim were assets of the bankruptcy estates). Nevada's judgment execution statutes do not contemplate executing on defensive appellate rights as property, and therefore we deny respondents' motion. *See* NRS 21.080; NRS 10.045; *Gallegos*, 127 Nev. at 582, 255 P.3d at 1289.

## CONCLUSION

Because a "thing in action" subject to execution under NRS 21.080 and NRS 10.045 does not include a party's defenses to an action, and allowing a creditor to execute against a debtor's defenses as personal property would cut off the debtor's defensive appellate rights, we deny respondents' motion to substitute and to dismiss the appeal, and we reinstate the briefing schedule to allow respondents to file an answering brief. Respondents shall have 45 days from the date of this opinion to file and serve the answering brief. Once the answering brief is filed and served, this matter will be submitted for a decision on the merits.

