An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ANTONIO NEVADA, LLC, A NEVADA LIMITED LIABILITY COMPANY, Appellant, vs. SIGMUND ROGICH, A/K/A SIG ROGICH, AN INDIVIDUAL, Respondent. | No. 64763 |
| ANTONIO NEVADA, LLC, A NEVADA LIMITED LIABILITY COMPANY, Appellant, vs. ELDORADO HILLS, LLC, A NEVADA LIMITED LIABILITY COMPANY, Respondent. | ✓ No. 65731 **FILED** MAY 2 0 2015  TRACIE K. LINDEMAN CLERK OF SUPREME COURT BY DEPUTY CLERK |

### ORDER DISMISSING APPEAL IN DOCKET NO. 65731 AND DENYING MOTION TO DISMISS AND REINSTATING BRIEFING IN DOCKET NO. 64763

These are consolidated appeals from district court judgments in a contract action. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge. The appeal in Docket No. 64763 arises from the district court's December 4, 2013, order granting respondent Sigmund Rogich's motion for summary judgment on his counterclaim. The appeal in Docket No. 65731 is from the district court's April 14, 2014, order granting respondent Eldorado Hills, LLC's motion for judgment on the pleadings and dismissal of appellant's complaint. Respondents have filed a motion to dismiss these appeals. Appellant has filed an opposition and respondents have filed a reply.

As a result of the district court's December 2013 order, Rogich obtained a judgment against appellant. Thereafter, the district court issued a writ of execution directing the sale of appellant's things in action

15-15554

to satisfy the judgment. Appellant filed a motion to stay the sale, which the district court denied because appellant had not posted a bond. Nevertheless, the district court temporarily stayed the sale noticed for November 3, 2014, until November 18, 2014, at 12 p.m. so that appellant could seek a stay from this court. This court denied appellant's motion for a stay without the posting of a supersedeas bond, but noted that appellant may obtain a stay consistent with NRCP 62(d) by providing a supersedeas bond in the judgment amount. Appellant did not post the bond, and thus, did not receive a stay. Therefore, Rogich purchased appellant's interest in things in action at the November 18, 2014, sale. Based on his purchase of appellant's rights in this action, Rogich, along with Eldorado Hills, moved to dismiss these appeals.

In *Butwinick v. Hepner*, 128 Nev. Adv. Op. No. 65, 291 P.3d 119, 121-22 (2012), this court recognized that a judgment creditor may purchase a party's rights and interests in an action at an execution sale, but concluded that a party's defenses to an action may not be purchased because only "a right to bring an action to recover a debt, money, or thing" may be purchased. (internal quotations omitted). Accordingly, this court concluded that while a judgment creditor could purchase the debtor's thing in action and dismiss an appeal from a judgment as to the debtor's claims, the creditor cannot purchase the debtor's defense to an action and thereafter dismiss an appeal from a judgment as to the debtor's defenses. *Id.* at 122.

Having considered the motion, opposition, and reply, we grant respondents' motion to dismiss in part. Because the appeal in Docket No. 65731 arises from a dismissal of the action brought by appellant, Rogich could purchase appellant's rights in that action, and by extension, the

(0) 1947A

rights in that appeal.[1] *Id.; see also* NRS 21.080(1) (listing property liable to execution, including personal property); NRS 10.045 (defining "personal property" to include "things in action"). As Rogich purchased appellant's rights in the underlying action in Docket No. 65731, he now, for all intents and purposes, holds appellant's position in regard to that appeal, and thus, appellant is not an aggrieved party and therefore lacks standing to maintain the appeal in Docket No. 65731 from the district court's April 2014 order. *See Kenney v. Hickey*, 60 Nev. 187, 189, 105 P.2d 192, 192 (1940) (defining aggrieved party as "one whose personal right is injuriously affected by the adjudication, or where the right of property is adversely affected or divested thereby"); NRAP 3A(a) (only an aggrieved party has standing to appeal). Accordingly, we dismiss the appeal in Docket No. 65731.[2]

---

[1]While in opposition to the motion, appellant asserts that Rogich failed to provide the statutorily required notices of sale for the continued sale date of November 18, 2014, appellant does not assert that he has instituted an action to set aside the sale as a result of the alleged notice deficiency and we conclude that our consideration of the alleged notice deficiency in the first instance would be improper. *See generally Swartz v. Adams*, 93 Nev. 240, 241-42, 563 P.2d 74, 75 (1977) (recognizing that one may challenge the notice of an execution sale through an action to set aside the execution sale).

[2]We note that the appropriate method for respondents to move to dismiss the appeal in Docket No. 65731 would have been for Rogich to request leave to be substituted in for appellant under NRAP 43 and then move for dismissal under NRAP 42. Because denying respondents' motion on this ground and requiring the appropriate motion would only serve to unnecessarily delay the dismissal of Docket No. 65731, we grant the requested relief despite its improper form.

We, however, deny respondents' motion to dismiss the appeal in Docket No. 64763. Because the appeal in Docket No. 64763 arises out of an order granting summary judgment on Rogich's counterclaim, and not from the action brought by appellant, Rogich cannot purchase appellant's defensive rights in the counterclaim action, and by extension, his rights in the appeal from the judgment on that counterclaim. *Butwinick*, 128 Nev. Adv. Op. No. 65, 291 P.3d at 122. Thus, we deny the motion to dismiss the appeal in Docket No. 64763 and reinstate the briefing schedule in that appeal as follows.[3] Respondent shall have 30 days from the date of this order to file and serve the answering brief. Thereafter, briefing shall proceed in accordance with NRAP 31(a)(1).

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Mark R. Denton, District Judge
Kathleen M. Paustian, Settlement Judge
McDonald Law Offices, PLLC
Fennemore Craig Jones Vargas/Las Vegas
Lionel Sawyer & Collins/Las Vegas
Eighth District Court Clerk

---

[3]To the extent appellant's opening brief addresses the issues raised in Docket No. 65731, we will disregard those arguments.