# IN THE SUPREME COURT OF THE STATE OF NEVADA

NEVADA DIRECT INSURANCE
COMPANY, A NEVADA COMPANY,
Appellant,
vs.
EMILY ADKINS FIELDS; FARMERS
INSURANCE COMPANY; WILLIAM
DOUGLAS O'DELL; MICHAEL SMITH;
AND SHARON SMITH,
Respondents.

No. 66561

FILED

FEB 2 6 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER VACATING JUDGMENT AND REMANDING

This is an appeal from a declaratory judgment following a bench trial. Eighth Judicial District Court, Clark County; Abbi Silver, Judge. The district court issued its judgment before this court handed down its decision in *Torres v. Nevada Direct Insurance Co.*, 131 Nev., Adv. Op. 54, 353 P.3d 1203 (2015). "When legal, not factual, issues are at play, this court reviews de novo a district court order resolving a request for declaratory relief." *Las Vegas Taxpayer Accountability Comm. v. City Council of Las Vegas*, 125 Nev. 165, 172, 208 P.3d 429, 433 (2009). We vacate and remand.

On September 8, 2010, appellant Nevada Direct Insurance filed a complaint for declaratory relief against its insured, Gay Kuperman. Nevada Direct's complaint sought a declaration that Kuperman's failure to cooperate extinguished its duties to defend and indemnify Kuperman against claims arising out of a car accident in which Kuperman was involved. On October 6, 2011, Nevada Direct obtained a default judgment

against Kuperman, but its declaratory judgment action continued against the other named defendants, including respondents Michael and Sharon Smith, who were injured in the accident.[1] In a separate suit, the Smiths sued Kuperman, obtaining a judgment against him in excess of his $15,000/$30,000 policy limits.

On cross-motions for summary judgment, the district court held that Nevada Direct's statutory duty to pay minimum policy limits survived Kuperman's breach of his duty to cooperate and Nevada Direct's default judgment against him. The district court then assigned Kuperman's extra-contractual rights to the Smiths, despite the default judgment against Kuperman and the lack of any counter- or cross-claims by the Smiths. On September 10, 2014, after a bench trial, the district court *sua sponte* vacated Nevada Direct's by then three-year-old default judgment against Kuperman. In its final order, the district court made findings of fact that Nevada Direct argues exceed the scope of the declaratory action.[2]

*Default Judgment*

Generally, once a default judgment is entered, a court may set it aside pursuant to NRCP 60. *See* NRCP 55(c). But when an action joins multiple parties, a default judgment "as to one or more but fewer than all of the parties" is not a "final judgment" unless certified as such under NRCP 54(b), which the default judgment against Kuperman was

---

[1]None of the respondents except the Smiths filed answering briefs, despite an order from this court directing them to do so.

[2]Because we vacate the district court's order in its entirety, we need not address the district court's findings of fact.

not. *Rae v. All Am. Life & Cas. Co.*, 95 Nev. 920, 922, 605 P.2d 196, 197 (1979) ("In the absence of [an NRCP 54(b)] determination, a decision affecting fewer than all parties is 'subject to revision at any time before the entry of judgment' as to all parties."). Rather than the stricter standards of NRCP 60(b), the standard for setting aside an entry of default under NRCP 55(c) applies to non-final default judgments. *See Dassault Systemes, SA v. Childress*, 663 F.3d 832, 840 (6th Cir. 2011); *FDIC v. Francisco Inv. Corp.*, 873 F.2d 474, 478 (1st Cir. 1989).[3]

NRCP 55(c) allows a "court to set aside an entry of default 'for good cause shown.'" *Intermountain Lumber & Builders Supply, Inc. v. Glens Falls Ins. Co.*, 83 Nev. 126, 129, 424 P.2d 884, 886 (1967). The "good cause" standard under NRCP "55(c) is broad in scope, and includes the 'mistake, inadvertence, surprise or excusable neglect' referred to in Rule 60(b)(1)." *Id.* Federal cases construing Fed. R. Civ. P. 55(c)'s analogous "good cause" standard analyze three factors: (1) "whether [the defaulting party] engaged in culpable conduct that led to the default; (2) whether [the defaulting party] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [the moving party]." *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004).

*Culpable Conduct*

"If a defendant 'has received actual or constructive notice of the filing of the action and failed to answer,' its conduct is culpable." *Id.* (quoting *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988)). Here, Nevada Direct served Kuperman

---

[3]The parties do not note this distinction, instead assuming NRCP 60 controls.

by publication. For the first time on appeal, respondents argue that Nevada Direct's default judgment against Kuperman was void for lack of proper service, alleging that the second and third amended complaints were never served on Kuperman. However, the judgment was not void for lack of personal service. NRCP 5(a) states: "No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4." Federal courts have interpreted the term "default" for purposes of service as failing to appear and answer within the required period, even when the clerk has not yet entered that party's default. *Cutting v. Town of Allenstown*, 936 F.2d 18, 21 n.1 (1st Cir. 1991). Nevada Direct was not required to serve Kuperman with its second and third amended complaints because they did not assert new claims for relief against him. Service by publication is authorized in Nevada and was appropriately made here. The failure to answer or otherwise respond thus was "culpable" under controlling case law.

*Meritorious Defense*

Federal law holds that, "[t]o justify vacating the default judgment ... [the defaulting party must] present the district court with specific facts that would constitute a defense"; "[a] mere general denial without facts to support it is not enough to justify vacating a default or default judgment." *Franchise Holding*, 375 F.3d at 926 (internal quotation omitted). Here, since the district court acted *sua sponte* and *Torres* entitled Nevada Direct to prevail against Kuperman as a matter of law, the second of the three Fed. R. Civ. P. 55(c) factors, too, weighs in favor of Nevada Direct. We note, however, that in *Epstein v. Epstein*, 113 Nev. 1401, 1405, 950 P.2d 771, 773 (1997), this court stated that, "a party need

not show a meritorious defense in order to have a court set aside a default judgment."[4] As the parties briefed this case under NRCP 60, not NRCP 55, *see* note 3, *supra,* we decline to examine the extent to which, if at all, *Epstein* applies to circumstances such as those presented here and evaluate this case based on the first and third Rule 55(c) factors. *See also Chiara v. Belaustegui,* 86 Nev. 856, 859, 477 P.2d 857, 858 (1970) ("As a policy matter, we believe that a defendant against whom a default judgment has been entered should not be relieved of that default judgment without demonstrating the reason why it should be set aside.").

*Prejudice*

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle,* 615 F.3d 1085, 1095 (9th Cir. 2010) (quoting *TCI Grp. Life Ins. Plan v. Knoebber,* 244 F.3d 691, 701 (9th Cir. 2001)). Here, the default judgment the district court set aside was in place for almost three years. The separate liability case against Kuperman, in the meantime, proceeded to judgment. Given Nevada Direct's declaratory judgment that it owed no duty to defend or indemnify Kuperman, it is difficult to avoid the conclusion that undoing

---

[4]Epstein relied on *Price v. Dunn,* 106 Nev. 100, 787 P.2d 785 (1990), disagreed with on other grounds by *NC-DSH, Inc. v. Garner,* 125 Nev. 647, 218 P.3d 853 (2009), and *Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80 (1988). *Epstein, Price,* and *Peralta* all dealt with defective process or service, or fraud on the court. "[W]here a person has been deprived of property in a manner contrary to the most basic tenets of due process, 'it is no answer to say that in his particular case due process of law would have led to the same result because he had no adequate defense upon the merits.'" *Price,* 106 Nev. at 104, 787 P.2d at 788 (quoting *Peralta,* 485 U.S. at 86-87).

the declaratory judgment is prejudicial to Nevada Direct. Although Nevada Direct should have moved to certify the default judgment under NRCP 54(b), the district court erred when it set aside the default judgment *sua sponte*. Neither the district court nor any party made a good cause showing to set the default declaratory judgment aside, much less demonstrated a lack of prejudice to Nevada Direct, who presumably relied upon it in its handling of the liability suit against Kuperman. And, under *Torres*, the entry of the default judgment appears correct as a matter of law, especially when coupled with the later summary judgment against Nevada Direct and in favor of the Smiths on the statutory minimum benefits liability claim.

*Assignment of Rights*

"[R]ights of action held by a judgment debtor are personal property subject to execution in satisfaction of a judgment." *Gallegos v. Malco Enters. of Nev., Inc.*, 127 Nev. 579, 582, 255 P.3d 1287, 1289 (2011). When assigning rights of action, NRS 21.320 governs. *Id.* at 580, 255 P.3d at 1288. Although Nevada does not recognize a private right of action by a third-party claimant against an insurance company for bad faith, a third-party claimant may bring a claim for bad faith with a proper assignment of rights in a supplementary proceeding. *Id.* at 583, 255 P.3d at 1289 (citing *Wilson v. Bristol W. Ins. Grp.*, No. 2:09-CV-00006-KJD-GWF, 2009 WL 3105602, at *2 (D. Nev. Sept. 21, 2009)).

A "supplementary proceeding" is "held in connection with the enforcement of a judgment, for the purpose of identifying and locating the debtor's assets available to satisfy the judgment." *Black's Law Dictionary* (8th ed. 2004). Addressing proceedings supplementary to execution, NRS 21.320 states: "The judge or master may order any property of the

judgment debtor not exempt from execution, in the hands of such debtor or any other person, or due to the judgment debtor, to be applied toward the satisfaction of the judgment." In Nevada, a supplementary proceeding is "incident to the original suit" and "is not an independent proceeding or the commencement of a new action." *See State ex rel. Groves v. First Judicial Dist. Court*, 61 Nev. 269, 276, 125 P.2d 723, 726 (1942); *see also* 30 Am. Jur. 2d *Executions and Enforcements of Judgments* § 584 (2005) ("In jurisdictions where a proceeding supplemental is not an independent action, but is merely a proceeding to enforce an earlier judgment, proceedings supplemental are conducted in the same court that entered the judgment against the defendant, usually under the same cause number. In fact, proceedings supplemental may be filed only in the trial court issuing the underlying judgment." (footnotes omitted)).

Here, a proceeding supplementary to execution would have been proper in the tort action involving the Smiths and Kuperman, not the declaratory judgment action underlying this appeal. The Smiths requested a judicial assignment of Kuperman's rights against Nevada Direct in the tort action after obtaining a default judgment in excess of $1.5 million against Kuperman, but the district court in that case denied it. The Smiths should have renewed or appealed the denial of that request, rather than requesting an assignment of rights in the declaratory relief case giving rise to this appeal. Of note, the Smiths never filed any counterclaims against Nevada Direct in this declaratory relief case, and did not cross-claim against Kuperman. After Nevada Direct was ordered to pay out the policy limits, there was no requested relief from the Smiths against Kuperman or Kuperman's insurer, Nevada Direct, in the declaratory relief case warranting an assignment of rights. Thus, the

district court erred in granting the Smiths' request for judicial assignment of rights.

This court has previously considered declaratory judgment when an insured individual has failed to cooperate with the insurer. In *Torres*, the insurer obtained a declaratory judgment establishing that its insured's lack of cooperation extinguished its duty to defend and indemnify its insured. 131 Nev., Adv. Op. 54, 353 P.3d at 1205. While denying the injured third party direct extra-contractual rights against the insurer, this court held that Nevada's absolute-liability statute, NRS 485.3091(5)(a), kept the duty to pay the minimum coverages to the injured party alive. *Id.* at 1207. In light of *Torres*, the district court should have ended this case with the default judgment against Kuperman and the summary judgment in favor of the Smiths.[5] Nevertheless, the district court held a bench trial on the issues of liability, causation, and damages. Reaching those issues amounted to clear error because they were unrelated to the issues framed by the pleadings in the declaratory relief action—especially given that respondents never filed any counterclaims or cross-claims. Further, the issue of prejudice to Nevada Direct by reason of Kuperman's return to Israel did not require determination after summary judgment because NRS 485.3091 provides that Nevada Direct's policy limits are "absolute whenever injury or damage covered by the policy occurs."

---

[5]We recognize that the district court action included additional defendants beyond Kuperman and the Smiths, but those defendants have not participated in this appeal despite being named as respondents. *See* note 1, *supra.*

For these reasons, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:     Eighth Judicial District Court Dept. 15
        Ara H. Shirinian, Settlement Judge
        Murchison & Cumming, LLC/Las Vegas
        Richard Harris Law Firm
        Ganz & Hauf/Las Vegas
        Law Office of Lisa A. Taylor
        Eighth District Court Clerk