# IN THE SUPREME COURT OF THE STATE OF NEVADA

SALVATORE STREET TRUST; AND
SATICOY BAY LLC SERIES 9014
SALVATORE STREET,

                Appellants,

vs.

HAMPTON & HAMPTON, P.C.; AND
DESERT CREST HOMEOWNERS
ASSOCIATION,

                Respondents.

SALVATORE STREET TRUST; AND
SATICOY BAY LLC SERIES 9014
SALVATORE STREET,

                Appellants,

vs.

HAMPTON & HAMPTON, P.C.,

                Respondent.

No. 82151

**FILED**

JUL 02 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
    DEPUTY CLERK

No. 82394 ✓

## ORDER DISMISSING APPEALS

Docket No. 82151 is an appeal from a final judgment in a homeowners' foreclosure matter. Docket No. 82394 is an appeal from a postjudgment order awarding attorney fees and costs. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

Respondent Hampton & Hampton, P.C., has filed a motion to consolidate the appeals and to dismiss them both, and seeks attorney fees pursuant to NRAP 38. [1] Appellants oppose the motion, and respondent Hampton has filed a reply.[2]

---

[1]Respondent in Docket No. 82151, Desert Crest Homeowners Association, joins in the motion to dismiss but takes no position on the motion for attorney fees.

[2]Hampton's motion for an extension of time to file a reply in support of motion is granted. The reply was filed on June 30, 2021.

21-19068

Respondent Hampton seeks to dismiss the appeals on the ground that it acquired the rights to the appeals by virtue of sheriff's sales conducted in execution of the judgment. Appellants counter that the appeals have merit and they should be permitted to pursue them. They do not address the acquisition argument.

Appellants brought action against respondents for breach of contract, misrepresentation, and unjust enrichment based on an invalid HOA sale. The district court granted judgment for Hampton, based on lack of standing, statute of limitations, and appellants' failure to establish contract relations between the parties. The district court also awarded Hampton attorney fees as a result of an offer of judgment that appellants rejected. NRCP 68, NRS 17.117. Appellants appealed the judgment and the fee award, but did not obtain a stay of execution. While the appeal was pending, respondents obtained a writ of execution, and executed against appellants' property, including:

> All claims for relief, causes of action, things in action, choses in action, and rights of appeal in any lawsuit or proceeding pending in the State of Nevada, including, but not limited to, the rights of Salvatore Street Trust in the civil action filed in the State of Nevada, Eighth Judicial District Court Case No. A-20-815386, and the appeals filed in State of Nevada Supreme Court Case Numbers 82151 and 82394.

Nevada law permits a party to acquire the rights to the claims. *Gallegos v. Malco Enters. of Nev., Inc.*, 127 Nev. 579, 582, 255 P.3d 1287, 1289 (2011) ("rights of action held by a judgment debtor are personal property subject to execution in satisfaction of a judgment") (quoting Chose in Action, Black's Law Dictionary (9th ed. 2009)). While non-assignable claims are exempt, contract claims are generally assignable. *Reynolds vs.*

SUPREME COURT OF NEVADA

(O) 1947A

2

*Tufenkjian*, 136 Nev. Adv. Opn. No. 19, 475 P.3d 777 (2020) (*citing Ruiz v. City of N. Las Vegas*, 127 Nev. 254, 261-62, 255 P.3d 216, 221 (2011) (recognizing that contracts are freely assignable, subject to certain limitations)); 6 Am. Jur. 2d Assignments § 46 (2018). Moreover, Nevada's general policy is that a statute specifying property that is liable to execution "must be liberally construed for the benefit of creditors." *Sportsco Enters. v. Morris*, 112 Nev. 625, 630, 917 P.2d 934, 937 (1996) (*citing* 33 C.J.S. Executions § 18 (1942)).

Nothing in Nevada law precludes Hampton's acquisition of appellants' appeal rights. Appellants do not contradict Hampton's assertion that it has acquired those rights. Accordingly, the motion to dismiss is granted. The motion for fees pursuant to NRAP 38 is denied. This court ORDERS these appeals DISMISSED.[3]

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                               Stiglich

cc:    Hon. Nancy L. Allf, District Judge
       Kristine M. Kuzemka, Settlement Judge
       Roger P. Croteau & Associates, Ltd.
       Clarkson Law Group, P.C.
       Brownstein Hyatt Farber Schreck, LLP/Las Vegas
       Eighth District Court Clerk

---

[3]The motion to consolidate the appeal and appellants' motion for a third extension of time to file the opening brief are denied as moot.

